THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FRANCISCO GAINER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 1, 1966—Decided February 18, 1966.

Before Judges SULLIVAN, LEWIS and KOLOVSKY.

*Mr. Stockton D. Fisher* argued the cause for appellant.

*Mr. Raymond R. Trombadore,* Deputy Attorney General, argued the cause for respondent (*Mr. Michael R. Imbriani,* Deputy Attorney General in Charge, Somerset County Prosecutor's Office, attorney).

The opinion of the court was delivered by

SULLIVAN, S. J. A. D. ▉ Defendant appeals from a conviction of conspiracy to commit robbery, and armed robbery with a dangerous weapon. The only point on appeal

meriting discussion is his contention that his statement to the police made after his arrest was improperly admitted into evidence without a preliminary determination by the court as to its voluntariness, and without a charge by the court that the jury was to disregard the statement unless it found the statement to have been made voluntarily. This point is raised as plain error since the statement was not objected to when offered in evidence by the State, nor was a request made for a charge on voluntariness or objection made when the court did not so charge.

■ We see no merit to defendant's claim that a preliminary finding of voluntariness had to be made by the court under the circumstances presented. The police officer testified that defendant's statement was freely and voluntarily given after he had been advised of his rights as an accused. After laying the proper foundation, the written statement was then offered and defendant's lawyer had "no objection" to it. The statement was then read to the jury.

When defendant took the stand he claimed that after his arrest the police had struck him and threatened him "So, I figured I might as well make up some line to tell them * * *. So, I did. I told them part of what happened and exaggerated and hoped that they believed what I told them." Defendant also claimed that the statement included things which he had not said to the interrogating officer.

It must be conceded that in the light of defendant's testimony, the trial court should have been alerted to the issue of voluntariness even though not raised by counsel, and should have charged the jury accordingly. However, he did not do so and the question is whether the error prejudiced defendant's right to a fair trial.

■ Our conclusion is that defendant was not prejudiced by the omission for the reason that there was no fundamental difference between defendant's testimony on the witness stand and the version of events set forth in the statement admitted into evidence. There are some differences and inconsistencies in the two stories. Details and sequences of events vary. How-

ever, basically the two stories, while not identical, are similar. Therefore, no prejudice to defendant resulted from the failure of the trial court to charge the jury that it was to disregard the contents of defendant's statement to the police unless it found the statement to have been voluntarily made. See *Underhill, Criminal Evidence* (*5th ed.* 1956), *Supp.*, § 386, p. 63; *Washington v. People, Colo.,* 405 *P. 2d* 735, 738 (*Sup. Ct.* 1965); *State v. Dean, Or.,* 404 *P. 2d* 797, 800 (*Sup. Ct.* 1965); *Simmons v. State,* 241 *Miss.* 481, 130 *So. 2d* 860, 864–865 (*Sup. Ct.* 1961). *Cf. Grove v. State,* 211 *Tenn.* 448, 365 *S. W. 2d* 871, 874 (*Sup. Ct.* 1963).

The other points raised by defendant lack merit.

Affirmed.

KOLOVSKY, J. A. D. (dissenting). Defendant Gainer testified that his confession was extracted from him by police brutality. Yet despite what the United States Supreme Court ruled in *Jackson v. Denno,* 378 *U. S.* 368, 84 *S. Ct.* 1774, 12 *L. Ed. 2d* 908 (1964), and the rule to be found in a series of decisions of our Supreme Court, beginning with *State v. Smith,* 32 *N. J.* 501 (1960), his confession was considered by the jury without a preliminary finding by the trial judge that it was voluntary and without the jury being given any instructions as to the controlling legal principles and its obligation to disregard the confession if it found that the State had not proved it to be voluntary.

Apparently, the assigned attorney who represented defendant at the trial—not counsel assigned on this appeal—was not familiar with the stated rule, for "he had no objection" when the confession was offered into evidence. Yet it is evident that he knew of defendant's claim that police brutality induced a false confession; he developed that testimony on defendant's direct examination. Even before the confession was offered, his cross-examination of Seymour, a State's witness, produced testimony that while Gainer's face was unmarked prior to the arrest, at the police barracks later that morning, his face was bruised, "his lip was swelled up and alongside of

the jaw." The testimony as to the alleged beatings had no significance or relevancy unless it was directed to the issue of the voluntariness of the confession.

Even if it be assumed that the attorney's statement that he had no objection to the admission of the confession obviated any need that the trial court then make a preliminary inquiry as to voluntariness, once the court heard defendant's testimony, such inquiry was mandatory, *cf. State v. Tassiello,* 39 *N. J.* 282, 292 (1963), and if he found the confession voluntary, it was likewise required that he give appropriate instructions to the jury.

That the assigned trial attorney did not raise the issue before the trial court is of no moment; the errors are of "constitutional dimension," *State v. Wolf,* 44 *N. J.* 176, 193 (1965), and should be treated as plain error.

The majority opinion concludes that defendant was not prejudiced by the trial court's failure to follow the rule respecting the admissibility of confessions because

"there was no fundamental difference between defendant's testimony on the witness stand and the version of events set forth in the statement admitted into evidence. There are some differences and inconsistencies in the two stories. Details and sequences of events vary. However, basically the two stories, while not identical, are similar."

I cannot agree. In my opinion, the record does not support that conclusion. If defendant's trial testimony is true, he was innocently inveigled into coming from New York City to New Jersey with two other men, with no prior knowledge of their intention to hold up a gas station; when he learned of their intentions he tried to discourage them and then refused to participate, remaining in his auto some distance from the scene. If the confession is true, then defendant was an active participant in the robbery from the first conversations in New York in which it was agreed, to quote the confession, that,

"My job was to take a rope and put it over the gas station attendant's head and pull it up around his neck to show him we meant business."

I would reverse.